IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA PRONZINI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE<br>CORPORATION,<br><br>　　　　　　Defendant. | Case No. 17-cv-07148-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL AND TO REMAND CASE TO STATE COURT**<br><br>Re: Dkt. No. 20 |

Before the Court is plaintiff Lisa Pronzini's ("Pronzini") "Motion to Vacate April 23, 2018 Order of Dismissal . . . and to Remand the Case to State Court," filed August 15, 2018. Defendant Costco Wholesale Corporation ("Costco") has filed opposition, to which Pronzini has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

## BACKGROUND

On September 15, 2017, Pronzini filed her complaint in state court, alleging in said pleading that, during a visit as a customer at a Costco store in Novato, California, she "slipped and fell on water spilled and left there by [an] employee." (See Compl. ¶ GN-1.) On December 15, 2017, Costco removed the action to district court, asserting in its notice of removal that diversity jurisdiction existed; the matter was assigned thereafter to Magistrate Judge Maria Elena James.

On September 20, 2017, Federal Insurance Company ("Federal Insurance") filed a complaint against Costco in state court, by which it sought to recover "workers'

---

[1] By order filed October 9, 2018, the Court took the matter under submission.

compensation benefits" it had provided to Pronzini. (See Compl., Federal Ins. Co. v. Costco Wholesale Corp., C-17-7316 (hereinafter, "Subrogation Action"), ¶ GN-1.) On December 27, 2018, Costco removed the Subrogation Action, asserting in its notice of removal that diversity jurisdiction existed; said matter likewise was assigned to Magistrate Judge James. By order filed March 5, 2018, Magistrate Judge James granted Federal Insurance's motion to remand the Subrogation Action to state court for lack of subject matter jurisdiction. In so doing, Magistrate Judge James considered Federal Insurance's request to remand the instant action as well, but denied the request without prejudice to Pronzini's filing a motion to remand in the instant action. (See Order Re: Mot. to Remand, filed in Subrogation Action March 5, 2018, at 4:23 – 5:5.)

On March 8, 2018, Costco filed, in the instant action, a case management statement in preparation for a conference scheduled for March 15, 2018. In connection therewith, counsel for Costco filed a declaration explaining that her office had endeavored on multiple occasions to contact counsel for Pronzini about preparing a joint case management statement, and, having no success, filed a separate statement on behalf of Costco.

On March 9, 2018, Magistrate Judge James issued an Order to Show Cause, directing Pronzini to show cause, in writing and no later than March 30, 2018, why she should not be sanctioned for failing to comply with a court order, in particular, for failing to confer with Costco for purposes of preparing a joint case management statement,[2] and informed Pronzini therein that a failure to respond could result in dismissal of the action for failure to prosecute. Pronzini did not file a response to the Order to Show Cause. On April 2, 2018, Magistrate Judge James issued a Report and Recommendation, in which she recommended the instant action be dismissed without prejudice for failure to

---

[2] By order filed December 15, 2017, the parties were directed to meet and confer, no later than February 22, 2018, and to file, no later than March 8, 2018, a joint case management statement. (See Order Setting Initial Case Management Conference and ADR Deadlines, filed December 15, 2017, at 1:20-21, 2:8-9, 2:15-18.)

2

prosecute. Pronzini did not file an objection to the Report and Recommendation.

On April 3, 2018, the matter was reassigned to the undersigned, and, on April 23, 2018, the Court adopted in full the Report and Recommendation and dismissed the instant action without prejudice for failure to prosecute. That same date, the Clerk of Court entered a judgment of dismissal.

**DISCUSSION**

By the instant motion, Pronzini seeks an order vacating the dismissal of the above-titled action, and, in the event the dismissal is set aside, an order remanding the action to state court. The Court considers each request in turn.

**A. Motion to Vacate Order of Dismissal**

In her motion, Pronzini seeks relief from the order of dismissal, relying on Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure.

Under Rule 60(b), a court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." See Fed. R. Civ. P. 60(b). Rules 60(b)(1) and (b)(6) are "mutually exclusive," the former "encompassing errors made due to the mere neglect of the petitioner" and the latter "encompass[ing] errors or actions beyond the petitioner's control." See Community Dental Services v. Tani, (hereinafter, "Tani"), 282 F.3d 1164, 1170 n.11 (9th Cir. 2002) (internal quotation and citation omitted); see also Pioneer Services Co. v. Brunswick Associates Ltd. Partnership (hereinafter, "Pioneer"), 507 U.S. 380, 393 (1993) (explaining Rule 60(b)(1) encompasses circumstances where "a party is partly to blame for the delay," whereas Rule 60(b)(6) encompasses circumstances where "the party is faultless in the delay").

Here, in support of her motion, Pronzini offers evidence that her counsel, Monte Hansen ("Hansen"), having been advised by counsel for Federal Insurance that the motion to remand Federal Insurance filed in the Subrogation Action sought remand of both the Subrogation Action and the instant action, believed that when said motion to remand was granted in March 2018, the instant action had been remanded along with the

3

1 Subrogation Action. (See Hansen Decl. ¶¶ 8-11.) According to Hansen, given his

2 erroneous belief that the instant action had been remanded, he did not respond to the

3 Order to Show Cause issued by Magistrate Judge James. (See id. ¶ 14.) Further,

4 Hansen states that someone in his office placed the Report and Recommendation and

5 the subsequently filed order of dismissal in the "case file" without anyone having read

6 them (see id. ¶¶ 15-17), which omissions he attributes to the "erroneous belief" that the

7 case had been remanded (see id. ¶ 16; see also id. ¶ 17). Thereafter, according to

8 Hansen, another lawyer with his firm attended a state court hearing on June 18, 2018,

9 believing the case to be pending before that court, and was advised by Costco's counsel

10 at that time that the instant action had been dismissed by this Court for failure to

11 prosecute. (See id. ¶ 18; see also Parker Decl. ¶¶ 2-3.)

12 The Court first considers the applicability of Rule 60(b)(6) to the above-described

13 events. Rule 60(b)(6) requires a party show "extraordinary circumstances which

14 prevented or rendered him unable to prosecute his case." See Lal v. California, 610 F.3d

15 518, 524 (9th Cir. 2010) (internal quotation, alteration, and citation omitted). Further,

16 because a client of an attorney is "bound by the acts of his lawyer-agent," see Link v.

17 Wabash Railroad Co., 370 U.S. 626, 634 (1962), an attorney's actions "do not ordinarily

18 constitute extraordinary circumstances warranting relief from judgment under Rule

19 60(b)(6)," see Lal, 610 F.3d at 524. An exception exists, however, where the attorney's

20 conduct "result[ed] in the client's receiving practically no representation at all," i.e., the

21 attorney has "virtually abandoned his client." See id.; see also Tani, 282 F.3d at 1170-71

22 (finding extraordinary circumstances where attorney not only failed to comply with court

23 orders but also "deliberately deceived [the client] about the services he was supposed to

24 be performing").

25 Here, Pronzini fails to show that her counsel virtually abandoned her. Rather, it is

26 undisputed that her counsel did not respond to the orders issued by Magistrate Judge

27 James or otherwise prosecute the case in district court due to a belief, albeit mistaken,

28 that the matter had been remanded to state court. Indeed, Pronzini's counsel, believing

4

the action had been remanded, appeared in state court on her behalf, with the expectation that the instant matter was proceeding in that forum. Moreover, unlike in at least two of the cases in which extraordinary circumstances have been found, see Lal, 610 F.3d at 525; Tani, 282 F.3d at 1169-71, there is no evidence that Pronzini's counsel, at any time, attempted to deceive Pronzini as to the circumstances of which counsel was aware; rather, Pronzini has offered evidence to establish that once her counsel did learn of the dismissal, counsel immediately informed her. (See Hansen Reply Decl. ¶ 4.)

Accordingly, Pronzini has failed to show she is entitled to relief under Rule 60(b)(6). The Court next considers the applicability of Rule 60(b)(1).

Under Rule 60(b)(1), a party is entitled to relief from a final order where the party establishes the failure to act was due to "excusable neglect." See Pioneer, 507 U.S. at 394. "Neglect," as used in Rule 60(b)(1), means "negligence, carelessness [or] inadvertent mistake." See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997). The determination of whether a party's neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." See Pioneer, 507 U.S. at 395.[3] Specifically, in making such determination, a court must consider "the danger of prejudice to the [non-moving party], the length of the delay [caused by the failure to act as ordered] and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." See id.

Here, it is readily apparent that Pronzini's counsel's belief that the instant action had been remanded was the result of negligence, carelessness, or inadvertent mistake, in that said counsel, having learned the Subrogation Action had been remanded, simply assumed, without reading the order of remand, that the instant action had also been

---

[3]Although, in Pioneer, the Supreme Court interpreted the term "excusable neglect" as used in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, see id. at 382-83, such interpretation has been held to apply to the term "excusable neglect" as used in Rule 60(b)(1), see Briones, 116 F.3d at 382.

5

remanded. Further, based on such erroneous belief as to the forum in which Pronzini's case was then pending, counsel and/or others in his office simply placed Magistrate Judge James's and the undersigned's subsequently issued orders in a file without reading them. The issue thus presented is whether such neglect is excusable.

In its opposition, Costco argues that Pronzini's counsel had no good reason for failing to be aware that Magistrate James had issued an Order to Show Cause and, later, a Report and Recommendation, or that this Court subsequently had adopted the Report and Recommendation and dismissed the case. (See, e.g., Def.'s Opp. at 3:21-27 ("[H]ad [Pronzini's] counsel read the Orders that they admit were delivered to their office and that they admit they had in their files, they would have known" their failure to respond could result in a dismissal.).) Such argument, however, pertains to only one of the relevant factors, specifically, "the reason" for the neglect. See Pioneer, 507 U.S. at 395.

Consequently, although the Court finds Pronzini has not shown a good reason for her failure to respond to court orders, and Pronzini herself states she "must now agree with Costco that attorney Hansen's conduct was, and is, inexcusable" (see Pl.'s Reply at 7:18-20), such finding and concession do not end the analysis. Rather, as explained by the Ninth Circuit, a "[n]eglectful failure" to act is "not necessarily . . . inexcusable," and a court thus must consider all "the equitable factors" to determine whether such failure is excusable. See TCI Group Life Ins. Plan v. Koebber, 244 F.3d 691, 697-98 (9th Cir. 2001). As the Court is required to apply the "correct legal standard" even where the parties do not, see Bateman v. U.S. Postal Service, 231 F.3d 1220, 1224 (9th Cir. 2000), the Court next turns to the remaining three factors, see Lemoge v. United States, 587 F.3d 1188, 1193 (9th Cir. 2009) (holding district court "abuse[s] its discretion" when analyzing motion under Rule 60(b)(1) if it "omit[s] discussion" of any of the four relevant factors).

In that regard, the Court notes at the outset that Costco does not assert it will be prejudiced by an order vacating the dismissal, such as where a party's ability to offer evidence or to defend a claim has been compromised by the resulting delay. See TCI

6

1    Group Life Ins. Plan, 244 F.3d at 701 (holding, for purposes of Rule 60(b)(1) analysis, delay, "to be considered prejudicial, . . . must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion") (internal quotation and citation omitted). Indeed, Costco presently is defending the Subrogation Action, in which the question of Costco's liability for Pronzini's claimed injuries is at issue. See Fireman's Fund Ins. Co. v. Maryland Casualty Co., 21 Cal. App. 4th 1586, 1596 (1994) (holding insurer bringing subrogation action must establish it paid benefits for "a loss for which [the defendant] is liable").

Next, a motion to set aside a dismissal under Rule 60(b)(1) must be made within a "reasonable time," not to exceed one year from the order of dismissal. See Fed. R. Civ. P. 60(c)(1). Here, the motion was filed slightly less than four months from the date of the order of dismissal, and approximately two months after Pronzini's counsel learned of the dismissal. Nothing in the record suggests either such period was unreasonable, or that it is likely to have any negative impact on judicial proceedings, either in the district court or in state court.[4] See, e.g., Tall Hickory Marketing, LLC v. Infoquick, Inc., 2013 WL 12202997, at *2 (C.D. Cal. March 11, 2013) (finding "length of the delay" weighed in favor of setting aside dismissal, where four-month period was "well within the time limit set forth by Rule 60(c)" and "the delay had no material impact on the case"").

Lastly, there is no evidence to suggest counsel for Pronzini deliberately engaged in conduct to delay the proceedings or otherwise acted in bad faith. Rather, as set forth above, the omissions were caused by an erroneous belief that the instant action, along with the Subrogation Action, had been remanded. See Lemoge, 587 F.3d at 1197 (holding fourth factor weighed in favor of setting aside dismissal, where "errors resulted from negligence and carelessness, not from deviousness or willfulness").

In sum, although Pronzini has not provided a satisfactory reason for failing to comply with court orders, the three other factors weigh in favor of granting relief. Under

---

[4] As set forth below, the action will be remanded to state court.

7

such circumstances, the Court finds the neglect was excusable within the meaning of Rule 60(b)(1).

Accordingly, to the extent Pronzini's motion seeks an order vacating the dismissal, the motion will be granted.

**B. Motion to Remand**

As the dismissal will be set aside, the Court next considers Pronzini's motion to remand.

In its notice of removal, Costco alleges that Pronzini is a citizen of California (see Notice of Removal ¶ 8), and that Costco, because it is "incorporated in Washington State and headquartered in Washington State," is a citizen of Washington State (see id. ¶ 9).[5] In her motion, Pronzini challenges Costco's allegation that it is headquartered in Washington. In its opposition, Costco notes that Pronzini offers no evidence to counter Costco's allegation. Costco, however, does not offer any evidence itself as to where its headquarters is located, and appears to be arguing that the plaintiff has the burden to offer evidence to counter factual allegations made in a notice of removal.

As the Supreme Court has explained, where a party "seeks the exercise of jurisdiction in his favor," he "must allege in his pleading the facts essential to show jurisdiction," and, "[i]f his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936) (directing district court to dismiss action where jurisdictional fact alleged in complaint was "traversed by the answer," and plaintiff thereafter failed to offer "evidence to support the allegation").

Here, the pleading seeking the exercise of federal jurisdiction is Costco's notice of

---

[5] A corporation is a citizen of the state in which it is incorporated and, additionally, the state in which it has its "principal place of business," which place is "where a corporation's officers direct, control, and coordinate the corporation's activities." See Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). The Court understands Costco's reference to "headquarters" to mean the place where its officers direct, control, and coordinate Costco's activities.

8

removal, and Pronzini, in an "appropriate manner," see id. at 189, specifically, by a motion to remand, has challenged Costco's factual allegation made therein that it is headquartered in Washington State. In its opposition to the instant motion, however, Costco has not offered any evidence, let alone "competent proof," see id., to support its allegation as to the location of its headquarters. Consequently, Costco has failed to meet its burden, and the action will be remanded. See Hertz, 559 U.S. at 96 (holding where plaintiff challenges "allegations of jurisdictional facts" in notice of removal, defendant "must support [its] allegations by competent proof"); King v. Bank of America Corp., 2012 WL 13012724, at *2 (C.D. Cal. May 1, 2012) (holding that, although removing defendant is "not required to submit evidence in its notice of removal," where its allegations are "challenged" in motion to remand, defendant "is required to support its assertions with competent evidence").[6]

Accordingly, to the extent Pronzini's motion seeks an order remanding the action for lack of subject matter jurisdiction, the motion will be granted.

### CONCLUSION

For the reasons stated above, Pronzini's motion is hereby GRANTED. Specifically, the judgment and the order of dismissal are hereby VACATED, and the above-titled action is hereby REMANDED to the Superior Court of the State of California, in and for the County of Marin.

**IT IS SO ORDERED.**

Dated: October 22, 2018

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

---

[6] As Pronzini points out, the need to support the allegations in its notice of removal had been called to Costco's attention in an earlier order as well. (See Order Re: Mot. to Remand, filed in Subrogation Action March 5, 2018, at 3:21 – 4:21.)

9